UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JERRY SANDIFUR | CIVIL ACTION NO. 05-1207 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| INTERNATIONAL PAPER COMPANY, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

ORDER OF REMAND
AND STAY OF ORDER

Before the court is plaintiff's motion for remand, Doc. # 8, referred to me by the district judge for decision.

This is a suit for damages alleged as the result of a trip and fall accident. In the petition, plaintiff alleged injuries to his neck and left shoulder. He asserts entitlement to damages for pain and suffering, mental anguish, unspecified medical expenses, lost wages, disability, and loss of enjoyment of life.

In accordance with Louisiana law, in his original petition, filed in state court, plaintiff did not specify the amount of damages claimed. Nor did he specify whether the amount claimed is less than the jurisdictional amount necessary for federal court jurisdiction. La. C. C. P. Art. 893. However, he did specify that the damages claimed were greater than those necessary to support a jury trial under Louisiana law, $50,000.

Defendant timely removed the case to this court and alleged that the amount in controversy is in excess of Seventy Five

Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs. Defendant did not set forth facts in the petition for removal or in an affidavit, except to repeat, in summary form, the claimed losses contained in the petition. Plaintiff has filed the instant motion to remand asserting that the amount in dispute is less than $75,000.00.

Prior to the time the defendant's petition for removal was filed in this court on July 8th, 2005, apparently unbeknownst to defense counsel, plaintiff had, on July 7th, filed an amending petition in the state court. That amendment changed the jury trial statement contained in the original petition and stated that the amount in controversy was _less_ than that necessary for a jury trial in state court, $50,000.

Plaintiff argues first that the damages claimed are less than $75,000 as is "facially apparent" from the amending complaint claiming less than $50,000. Alternatively, plaintiff suggests that the medical evidence does not support damages in excess of $75,000.

Defendant argues that, because plaintiff has refused to sign a stipulation that his damages are less than the amount necessary for a jury trial, $50,000, that his allegation contained in the amending complaint wherein he states that the damages are less than $50,000 is meaningless and that the court should look to summary judgment type evidence in the form of the medical evidence to date in order to decide the remand issue.

2

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

The Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. <u>Allen v R&H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995). In Louisiana, plaintiffs are generally prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. However, a plaintiff may allege whether the damages sought are sufficient for a jury trial or for federal court jurisdiction. Where the plaintiff alleges in good faith entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938). Where a specific amount of damages in excess of the jurisdictional limit is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir.

---

[1] In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar</u> I, supra. The defendant may make this

1993) (DeAguilar I). "Of course, if a plaintiff pleads damages less than the jurisdiction (sic) amount, he generally can bar a defendant from removal." <u>Allen</u>, 63 Fed. 3d 1326 at 1334. However, as the Fifth Circuit has pointed out, this rule would allow plaintiffs to manipulate federal jurisdiction if their claim did not legally limit their damages. Therefore, even where an amount less than the jurisdictional limit has been pled, if a defendant can prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount. <u>Allen</u>, 63 Fed. 3d 1326, 1334 at f.n.14.

Such is the precise situation presented here. Plaintiff, by amending complaint, claimed damages of less than the jurisdictional amount. Thus removal is barred unless the defendant can show it is more likely than not that the court's jurisdictional amount is

---

showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." <u>Allen</u>, 63 F.3d at 1335. See <u>Luckett v. Delta Airlines, Inc.</u> 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II).Otherwise, litigants who want to prevent removal must file a binding stipulation or affidavit **with their complaints**. Id.

exceeded.[2]

The summary judgment type evidence presented shows that, following the trip and fall accident, plaintiff was seen at the emergency room. X-rays were taken and plaintiff was diagnosed with back and neck pain and left shoulder pain. An MRI was later performed which shows plaintiff has a small central left sided disc protrusion at the C 5-6 level of his neck without significant impingement on a nerve. On December 1, 2004, plaintiff was noted to have no radiculopathy or mylopathy. The disc protrusion was asymptomatic. In February 2005 an MRI of plaintiff's shoulder was performed which showed no convincing evidence of rotator tear;

---

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

---

[2] Plaintiff argues that his jurisdictional claim for purposes of a state court jury trial makes it "facially apparent" that the claim is really for less than the jurisdictional limit. However, the "facially apparent" test is applicable only to those situations where plaintiff makes no claim for a specific amount of damages. De Aguilar I, supra. Here, plaintiff has claimed damages of less than the jurisdictional amount and therefore the court is guided by the principles set forth in Allen, supra, f.n. 14.

5

however, plaintiff had degenerative changes in his shoulder. He was diagnosed with "left shoulder impingement syndrome. Degenerative arthritis a/c joint" which would be amenable to arthroscopic surgery.

The diagnosis remained the same in April and in May office notes show that surgery was to be scheduled.

Defendant's counsel candidly suggests that the damages in this case could range from $50,000 to $180,000, based on Louisiana jurisprudence. Plaintiff's attorney also readily admits that the damages in similar cases range from less than $75,000 to more than $75,000. The issue for the court is whether it is more likely than not that damages will exceed $75,000. While there is certainly a reasonable possibility that the damages could exceed that sum, I cannot say that it is more probable than not that they would. In other words, defendant has not shown by a preponderance of the evidence that the damages sought will exceed the jurisdictional limit of this court. Therefore, this court lacks jurisdiction and this case should be remanded to state court.

For the foregoing reasons, IT IS ORDERED that this case be REMANDED to the Ninth Judicial District Court, Rapides Parish, Louisiana. However, this Order is STAYED for a period of ten days

and for such additional time as an appeal of this Order to the district judge is pending.

Alexandria, Louisiana, November 15, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE